## IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| IN RE: DONALD W. SOUTULLO | ) CHAPTER 13 |
| | ) CASE NO.: 09-11543-MAM-13 |
| Debtor, | ) |
| | ) |
| DONALD W. SOUTULLO and | ) ADVERSARY PROCEEDING |
| TAMMY SOUTULLO, | ) |
| | ) NUMBER: AP _____ |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| CITIMORTGAGE, INC., and A | ) |
| THROUGH Z, being those persons or | ) |
| entities who are responsible for the | ) |
| wrongful acts and omissions alleged | ) |
| herein by whose names are not known to | ) |
| Plaintiffs, but will be supplied when | ) |
| ascertained, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

NOW COME the debtor, Donald W. Soutullo as plaintiff in this adversary proceeding and Tammy Soutullo as plaintiff in this adversary proceeding and as their claims against the above-described Defendants, assert as follows:

1. This Court has jurisdiction of this adversary proceeding pursuant to 18 U.S.C. § 1334;

2. This Proceeding to determine the value, extent and validity of a lien is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K);

3. The defendant is a claimant in the above-styled case having filed a secured claim in the amount of $41,965.11.

## PARTIES

4. Plaintiffs are natural persons and adult residents of Mobile County, Alabama.

5. Defendant CitiMortgage, Inc. (hereinafter referred to as "Citi"), is a New York corporation, with its principal place of business in Missouri. Citi does business in the State of Alabama.

6. Defendants A through Z are those persons or entities who are responsible for the wrongful acts and omissions alleged herein by whose names are not known to Plaintiffs, but will be supplied when ascertained.

## FACTUAL ALLEGATIONS

7. On November 21, 2002, Plaintiffs obtained a real estate mortgage loan from AB AMRO Mortgage Group, ("AB AMRO"). That loan created a mortgage in favor of AB AMRO on Plaintiffs' property located at 11085 A Catherine Creek Drive in Mobile. The mortgage loan was in the amount of $54,400 and the interest rate was adjustable. That mortgage and the associated promissory note was, upon information and belief, subsequently assigned to other entities.

8. As part of the loan agreement with AB AMRO, Plaintiffs were to pay their homeowner's insurance premiums and property taxes directly. At no point in time have the Plaintiffs ever agreed to have those obligations paid through an escrow account maintained by the mortgage company. Principal and interest payments were due under the mortgage in a monthly amount of $452.

9. At no point in time has there been any lapse in the homeowner's insurance policy covering the property secured by the AB AMRO mortgage nor has there been any delinquency with regard to the property taxes due.

10. Initially, AB AMRO serviced the mortgage. Sometime in 2007, the servicing of the

Case 09-01137    Doc 1    Filed 12/11/09    Entered 12/11/09 16:00:54    Desc Main
Document      Page 2 of 7

mortgage was transferred to Citi.

11. Sometime in 2008, Plaintiffs were notified by Citi that they were in default of the mortgage. In fact, Plaintiffs had made every payment required under the mortgage, with the exception of a period just after Hurricane Katrina during which Plaintiffs missed payments while the loan was serviced by AB AMRO. Those missed payments were rectified through a forbearance agreement entered into with AB AMRO. When Citi acquired the loan, the loan was current.

12. Plaintiffs disputed Citi's claim that their mortgage payments were delinquent and Plaintiffs provided Citi with proof of the payments made. However, Citi continued to hold Plaintiffs in default, claiming that regular payments were due in the amount of $621.53 because of a shortfall in the escrow balance. As stated, no escrow account was ever established under this mortgage as Plaintiffs had paid homeowner's insurance and property taxes directly since the inception of the mortgage. Plaintiffs explained this to Citi. Nonetheless, Citi continued to hold Plaintiffs in default and initiated foreclosure proceedings in December 2008.

13. In instituting the foreclosure proceedings, Citi notified Plaintiffs that the foreclosure sale would take place if the Plaintiffs did not pay $5,968.61 in lump sum to reinstate the mortgage.

14. On February 19, 2009, Citi's foreclosure attorneys wrote Plaintiffs explaining, again, the delinquency under the mortgage accrued because of a negative escrow balance that was carried over from the period of time the loan was serviced from AB AMRO. As stated, no escrow account has ever been established under this mortgage.

15. A foreclosure sale was scheduled to take place in April 2009. Despite the information provided to Citi and Plaintiffs' pleas that they were not in default under the mortgage, Citi refused to cancel the foreclosure sale.

Case 09-01137   Doc 1   Filed 12/11/09   Entered 12/11/09 16:00:54   Desc Main
Document      Page 3 of 7

16. On April 3, 2009, Plaintiffs were forced to initiate a bankruptcy proceeding to prevent the foreclosure sale.

17. At all relevant times, Plaintiffs have complied with the terms of their mortgage and Citi's actions in holding the Plaintiffs in default and initiating foreclosure proceedings are contrary to the terms of the mortgage, promissory note and applicable law.

## COUNT I
### (WRONGFUL FORECLOSURE)

18. The allegations stated in all of the above paragraphs are incorporated as if fully asserted herein.

19. The institution of foreclosure proceedings by Citi was wrongful. The wrongful acts and omissions include, but are not limited to, the following: the institution of foreclosure proceedings when no default had occurred under the mortgage; the imposition of escrow-related charges when no escrow account existed; the ignoring of evidence provided by the Plaintiffs and information readily available to Citi which conclusively demonstrated that Plaintiffs were not in default; the communication of a false and grossly inflated reinstatement amount; and the failure to accept payments tendered by Plaintiffs.

20. Plaintiffs have suffered damage as a proximate result of the wrongful foreclosure.

WHEREFORE, Plaintiffs request that this Court enter judgment against Citi for wrongful foreclosure and award them compensatory damages, including damages for mental anguish and emotional distress; and punitive damages, plus interest and costs. Plaintiffs further request such other relief as the Court deems just and proper, the premises considered.

## COUNT II
### (WANTONNESS)

21. The allegations stated in all of the above paragraphs are incorporated as if fully asserted herein.

22. The acts and omissions made by Defendant Citi in connection with its management of Plaintiffs' mortgage loan account and the purported foreclosure sale all constitute wantonness and were made with a wanton, reckless or conscious disregard for the Plaintiffs' rights and welfare.

23. Plaintiffs have suffered damage as a proximate result of the Defendant's wantonness.

WHEREFORE, Plaintiffs request that this Court enter a judgment against Defendant Citi for wantonness and award Plaintiffs compensatory damages, including damages for mental anguish and emotional distress; and punitive damages, plus interest and costs. Plaintiffs further request such other relief as the Court deems just and proper, the premises considered.

## COUNT III
### (NEGLIGENCE)

24. The allegations stated in all of the above paragraphs are incorporated as if fully asserted herein.

25. The acts and omissions made by Defendant Citi in connection with their management of the Plaintiffs' account and the conducting of the purported foreclosure sale constitute negligence.

26. Plaintiffs have suffered damage as a proximate result of the Defendant's negligence.

WHEREFORE, Plaintiffs request that this Court enter a judgment against Defendant Citi for negligence and award them compensatory damages, including damages for mental anguish and emotional distress, plus interest and costs. Plaintiffs further request such other relief as the Court deems just and proper, the premises considered.

## COUNT IV
### (BREACH OF MORTGAGE AGREEMENT)

27. The allegations stated in all of the above paragraphs are incorporated as if fully asserted herein.

28. The acts and omissions made by Defendant Citi in connection with management of the Plaintiffs' account and the conducting of the purported foreclosure sale constitute a breach of the Plaintiffs' mortgage agreement.

29. Plaintiffs have suffered damage as a proximate result of the Defendant's breach.

WHEREFORE, Plaintiffs request that this Court enter a judgment against Defendant Citi for breach of the mortgage and award them compensatory damages, including damages for mental anguish and emotional distress, plus interest and costs. Plaintiffs further request such other relief as the Court deems just and proper, the premises considered.

## COUNT V
### (BREACH OF FIDUCIARY DUTY)

30. The allegations stated in all of the above paragraphs are incorporated as if fully asserted herein.

31. Defendants Citi and A owed Plaintiffs an implied fiduciary duty of fairness and good faith as to all aspects of the mortgage agreement, including the exercise of any power of sale clause contained in the mortgage.

32. The acts and omissions made by Defendant Citi, acting as agent for Defendant A, in connection with the management of the Plaintiffs' account and the conducting of the purported foreclosure sale contrary to the terms of the mortgage, as modified, constitute a breach of Defendants' implied duty of fairness and good faith. The trust imposed upon Defendants by Plaintiffs and by operation of law and equity has been breached by the acts and omissions of Defendants' as alleged herein, and Plaintiffs have been damaged as a result of said breach.

WHEREFORE, Plaintiffs request that this Court enter a judgment against Defendants Citi and A for breach of their duties owed to Plaintiffs and declare that the purported foreclosure sale be set aside as void and of no effect. Plaintiffs also request that this Court award them compensatory damages, including damages for mental anguish and emotional distress, plus interest and costs, and punitive damages. Plaintiffs further request such other relief as the Court deems just and proper, the premises considered.

/s/Earl P. Underwood, Jr.
Earl P. Underwood, Jr. (UNDEE6591)
Law Offices of Earl P. Underwood, Jr.
21 South Section Street
Fairhope, AL 36532
Telephone: 251-990-5558
Facsimile: 251-990-0626
Email: epunderwood@gmail.com


/s/Kenneth J. Riemer
KENNETH J. RIEMER, ESQ.
Attorney for Plaintiffs
166 Government Street, Suite 100
Mobile, Alabama 36602
251.432.9212
251.433.7172 (fax)


**PLEASE SERVE DEFENDANT AS FOLLOWS:**

Citimortgage, Inc.
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, AL 36109