IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| IN RE: DONALD W. SOUTULLO | ) CHAPTER 13 |
| | ) CASE NO.: 09-11543-MAM-13 |
| Debtor, | ) |
| | ) |
| DONALD W. SOUTULLO, | ) ADV. PRO. NO. 09-01137 |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| CITIMORTGAGE, INC., ET AL. | ) |
| | ) |
| Defendants. | ) |

## REPORT OF PARTIES' PLANNING MEETING

Pursuant to the Fed.R.Bankr.P. 7026(f), the parties have conferred and were represented by the following:

Kenneth J. Riemer, attorney for Plaintiff.
Reid Manley, attorney for Defendant CitiMortgage

The parties do not request a conference with the court before entry of the scheduling order.

1. <u>Plaintiffs' brief narrative statement of the facts and the causes of action</u>:

   The claims in this case arise from mismanagement of this mortgage account by CitiMortgage, Inc. ("Citi"). Specifically, Citi has falsely claimed that Mr. Soutullo is in default of the mortgage and falsely instituted a foreclosure proceeding against Mr. Soutullo. Specifically, Citi has wrongfully imposed fees related to an non-existent escrow account. Despite Mr. Soutullo's multiple attempts to explain to Citi that there has never been an escrow account set up under this particular mortgage, Citi continued to insist that an escrow for tax and insurance be funded. Although Mr. Soutullo has made every payment properly required under the terms of the mortgage, Citi falsely stated that Mr. Soutullo had defaulted on the terms of the mortgage and required that he pay $5,968.61, which he did not owe, in order to reinstate the mortgage and avoid the foreclosure. This bankruptcy proceeding was filed prior to the foreclosure date. Mr. Soutullo brings claims for wrongful foreclosure, wantonness, negligence, breach of the mortgage agreement and breach of fiduciary duty. Mr. Soutullo seeks actual and punitive damages, including damages for mental anguish and emotional distress.

2. <u>Defendant CitiMortgage's brief narrative statements of the facts and defenses, including affirmative defenses</u>:

    CitiMortgage denies the allegations contained in Plaintiff's complaint. CitiMortgage states that plaintiff failed to pay the property taxes on the property for several years and failed to obtain homeowners insurance on the property (or failed to provide CitiMortgage of proof of insurance) in breach of the note and mortgage. As a result, CitiMortgage paid the taxes and provided homeowners insurance for various years. CitiMortgage states that its affirmative defenses will be included in its answer that will be filed on or before Friday, February 5, 2010.

3. This action should be ready for trial by July 1, 2010, and at this time is expected to take approximately two (2) days.

4. The parties request a pretrial conference in June 2010.

5. Discovery Plan.

    The parties expect to conduct discovery in the following areas:
- All matters related to the subject mortgage;
- All matters relating to the allegations made in the Complaint.
- All matters related to defenses asserted by CitiMortgage;
- All matters relating to the parties' discovery responses and documents produced.
- All matters related to the damages suffered by Plaintiff.

6. All discovery will be commenced in time to be completed by June 1, 2010.

7. Initial Disclosures. The parties will exchange within ten (10) days after the date of this report, the information required by Fed. R. Civ. P. 26(a)(1).

8. The parties request until March 20, 2010 to join additional parties and amend the pleadings.

9. Reports from retained experts under Rule 26(a)(2) due:
    from Plaintiffs by March 15, 2010
    from Defendants by April 15, 2010.

10. Pretrial Disclosures. Final lists of witnesses and exhibits under Rule 26(a)(3) due by June 23, 2010.

11. Discovery Limits.
Maximum of 30 interrogatories by each party to any other party. Responses due 30 days after service.
Maximum of 5 depositions by each party, each deposition limited to maximum of 8 hours

2

Case 09-01137    Doc 9    Filed 02/23/10    Entered 02/23/10 09:24:55    Desc Main
          Document      Page 2 of 4

unless extended by agreement of parties.

Maximum of 30 requests for admission by each party to any other party. Responses due 30 days after service.

Maximum of 30 (total) requests for production of documents by each party to any other party. Responses due 30 days after service.

12. All potentially dispositive motions filed by June 1, 2010.

13. Settlement cannot be evaluated at this time and may be enhanced by use of the following alternative dispute resolution procedure: Mediation.

14. The parties anticipate significant electronic discovery issues; the disclosure or discovery of electronically stored information (ESI) should be handled as follows:
The production of ESI should be done in .PDF format.

If any party withholds information claiming a privilege or protections as trial preparation material, that party must make the claim expressly and shall describe the nature of the documents, communications or things not produced or disclosed which will enable the other party to assess the applicability of the privilege or protection.

The parties agree that pursuant to Rule 5(b)(2)(E) and 6(d) of the Federal Rules of Civil Procedure any pleading or other papers may be served sending such documents by email to the primary and/or secondary email addresses listed below (or any updated email address provided to all counsel or records). The parties also agree, upon request, to promptly (no later than the second business day after the day of service) provide the sending party with confirmation of receipt of the service by email. The format to be used for attachment to any email message shall be Microsoft Word (.doc) or Adobe Acrobat (.pdf). If an error or delayed delivery message is received by the sending party, that party shall promptly (within one business day of receipt of such message) notify the intended recipient of the message and serve the pleading or other papers by other authorized means.

Date: February 1, 2010

       s/ Kenneth J. Riemer
KENNETH J. RIEMER (RIEMK8712)
One of the Attorneys for Plaintiff
Post Office Box 1206
Mobile, Alabama 36633
Phone: (251) 432-9212
Fax: (251) 433-7177
kjr@alaconsumerlaw.com

                                                          s/ Reid Manley
                                      Reid S. Manley
                                      Attorney for CitiMortgageat Law
                                      Burr & Forman LLP
                                      420 North 20th Street, Suite 3400
                                      Birmingham, Alabama 35203
                                      Direct: (205) 458-5439
                                      Main: ( 205) 251-3000
                                      Fax: (205) 244-5675