*Soutullo, et al. v. CitiMortgage, Inc.*; Adversary Proceeding No. 09-01137

**<u>Exhibit E to CitiMortgage, Inc.'s Motion for Summary Judgment</u>**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION

| | |
|---|---|
| IN RE: ) <br> ) <br> DONALD W. SOUTULLO, ) <br> ) <br> Debtor. ) <br> ) <br> _____ ) | CHAPTER 13 <br><br> CASE NO.: 09-11543-MAM-13 |
| DONALD W. SOUTULLO, and ) <br> TAMMY SOUTULLO ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> CITIMORTGAGE, INC., ) <br> ) <br> Defendant. ) | ADVERSARY PROCEEDING NO. <br><br> 09-01137 |

## DEFENDANT CITIMORTGAGE, INC.'S RESPONSE TO PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION

COMES NOW Defendant CitiMortgage, Inc. ("CitiMortgage"), by and through its undersigned counsel, and hereby submits its objections and responses to Plaintiffs' First Set of Interrogatories and Requests for Production to Defendant as follows:

## GENERAL OBJECTIONS

1. Defendant objects to any and all discovery requests to the extent that they are vague, overly broad, unduly burdensome, harassing and not calculated to lead to matters relevant to the claims or defenses of any party.

2. Defendant objects to any and all discovery requests to the extent that they seek information protected from discovery by any privilege, including the attorney/client privilege, the attorney work-product doctrine or any other applicable privilege or immunity.

1808898 v1

EXHIBIT E

3. Defendant objects to any and all discovery requests to the extent that they seek information protected from discovery by the Federal Rules of Civil Procedure.

4. Defendant objects to any and all discovery requests to the extent that they seek confidential, financial, or business or proprietary information entitled to protection under the Federal Rules of Civil Procedure. Such documents determined to be relevant will be produced only upon the entry of an appropriate protective order limiting the disclosure and use of documents and information produced by this Defendant and requiring the return of all such material at the conclusion of this litigation.

5. Defendant objects to any and all discovery requests to the extent that they seek the identification of documents, writings, records, or publications in the public domain since such information is equally available to the Plaintiffs.

6. Defendant objects to any and all discovery requests to the extent that they require this Defendant to prepare the Plaintiffs' case, and to determine what Defendant should deem relevant to, supportive of or pertinent to certain claims and allegations; as such, the discovery requests are not a proper method of discovery.

7. Defendant objects to any and all discovery requests that are not reasonably limited in time and/or scope.

8. Defendant objects to any and all discovery requests to the extent that they contain certain key terms which are not defined or that are unreasonably compound, disjunctive or conjunctive.

These "General Objections" are applicable to and incorporated into each of Defendant's responses, infra, as if specifically stated therein. The stating of specific objections to a particular interrogatory shall not be construed as a waiver of Defendant's "General Objections." Unless

Case 09-01137    Doc 18-8    Filed 07/12/10    Entered 07/12/10 17:02:33    Desc Exhibit
E    Page 3 of 15

otherwise specifically stated, Defendant's objection to each interrogatory applies to the entire request, including each and every subsection and/or subpart of the interrogatory.

### INTERROGATORIES AND REQUEST FOR PRODUCTION

1. Provide a complete life of loan transactional history for the Soutullo Loan beginning with the origination date and ending with the date of production. Include all credits and debits, including any restricted or unrestricted corporate advances, and credits of any nature made at any time with respect to the loan, whether or not such transactions resulted in additions to the outstanding principal balance.

**RESPONSE:** CitiMortgage will produce a payment history for the loan.

2. Provide the Key Loan Transaction history for the loan.

**RESPONSE:** CitiMortgage objects to this Interrogatory on the grounds that it is unduly burdensome, overly broad, and not related to the claims or defenses of any party to this litigation. CitiMortgage also objects to this Interrogatory on the grounds that it is vague and ambiguous in that it is not sure what a "Key Loan Transaction history" is.

3. Provide an itemization identifying by source, date and amount of any reimbursement payments you received from any party other than the borrower for each charge, advance, fee or amount charged in connection with the Soutullo Loan.

**RESPONSE:** CitiMortgage objects to this Interrogatory on the grounds that is overly broad, unduly burdensome, and vague. Without waiving these objections, CitiMortgage will produce documents, pursuant to Federal Rule of Civil Procedure 33(c), from which a response to the Interrogatory can be had.

4. Provide a current itemized payoff statement for the Soutullo Loan, together with the name, title, and employer of the individual who prepared it and the date upon which and the location at which was prepared.

**RESPONSE:** CitiMortgage will produce a payoff statement for the Loan.

5. Do you contend that the debtor failed to make property tax payments as required under the Soutullo Mortgage? If your answer is "yes, " identify the years for which you claim debtor failed to pay property tax and identify, by date and payee, any tax payments that were made by you or on your behalf with respect to debtor's property.

**RESPONSE:** CitiMortgage states that Plaintiffs did fail to make property tax payments as required by the Escrow Waiver Agreement signed by them in conjunction with the Loan. CitiMortgage made the following payments to Mobile County, Alabama to pay property taxes on the Property: April 27, 2006, $240.00; April 24, 2007, $535.98; October 25, 2007, $562.68; October 24, 2008, $583.05; October 26, 2009, $583.05. In addition, CitiMortgage received a refund for taxes paid as follows: May 30, 2006, $240.00,

6. Do you contend that the debtor failed to make property insurance payments as required under the Soutullo Mortgage? If your answer is "yes, " identify the years for which you claim debtor failed to timely make property insurance payments and identify, by date and payee, any payments for property insurance that were made by you or on your behalf with respect to debtor's property.

**RESPONSE:** CitiMortgage states that Plaintiffs did fail to make property insurance payments as required by the Escrow Waiver Agreement signed by them in conjunction with the Loan. CitiMortgage made the following insurance payments to insure the property: February 2, 2004, $19.58; November 24, 2004, $684.40; February 9, 2005, $362.00; April 21, 2006, $743.40; and August 12, 2008, $634.00. CitiMortgage received insurance refunds as follows: February 17, 2005, $645.02; July 10, 2006, $531.58; February 22, 2009, $181.00.

7. Do you have an agreement with Lender Processing Services (LPS) or any of its subsidiaries to provide services with respect to mortgage accounts which are defined by you to be in default? If you answer is "yes" identify the services provided to you under said agreement.

**RESPONSE:** CitiMortgage objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of any party to this litigation. CitiMortgage further objects to this Interrogatory on the grounds that it seeks proprietary, confidential, business information.

8. Do you agree that the Mortgage Servicing Guidelines published by Fannie Mae and Freddie Mac are the industry standards for the servicing or mortgage loan accounts? If you disagree, state which mortgage servicing guidelines you recognize as the industry standard and explain why you believe that they are the industry standard.

**RESPONSE:** CitiMortgage objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of any party to this litigation. CitiMortgage further objects to this Interrogatory on the grounds that it is vague and ambiguous in that it uses the term "industry standards" which is no where defined in these Interrogatories.

9. Identify any industry standards which govern your accounting procedures with respect to the mortgage loans that you service during the years you serviced the Soutullo Loan.

**RESPONSE:** CitiMortgage objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of any party to this litigation. CitiMortgage further objects to this Interrogatory on the grounds that it is vague and ambiguous in that it uses the term "industry standards" which is no where defined in these Interrogatories.

10. Give the complete history of the ownership of the Soutullo Mortgage from the date it was originated to the present. Include all assignments of the mortgage, whether recorded or not. Also, include the complete ownership history of the note, including but not limited to, all transfers and endorsements, tenders and deliveries from origination to present day.

**RESPONSE:** The current owner of the Soutullos' Note and Mortgage is CitiMortgage, Inc. In 2007, ABN-AMRO Mortgage (ABN), the originator of the Soutullos' loan, was merged into CitiMortgage, Inc. as a result of CitiMortgage's purchase of ABN.

11. State the full name, address and phone number of the current holder of the Soutullo Mortgage, including the name, address and phone number of any trustee or other fiduciary. In addition to Rules 26 and 33 of the *Federal Rules of Civil Procedure*, this request is being made pursuant to Section 1641(f)(2) of the Truth In Lending Act (15 U.S.C. §1641(f)(2)), which requires the servicer to identify the holder of the debt.

**RESPONSE:** See Response to Interrogatory No. 10.

12. State the date you contend the mortgage and note relating to the Soutullo Loan was conveyed into the trust identified as the Home Equity Asset Trust 2007-2 Home Equity Pass Through Certificates, Series 2007-2 and identify all documents relating to that conveyance.

**RESPONSE:** CitiMortgage states that this Mortgage was never conveyed to a trust. See Response to Interrogatory No. 10.

13. Identify the person or entity that, on November 21, 2002, held possession of the original executed promissory note issued in connection with the Soutullo Loan.

**RESPONSE:** ABN.

14. Identify the person or entity that, on February 19, 2009, held possession of the original executed promissory note issued in connection with the Soutullo Loan.

**RESPONSE:** CitiMortgage, Inc.

15. Describe the current physical location of the original executed promissory note issued in connection with the Soutullo Loan.

**RESPONSE:** CitiMortgage retains a collateral file and the Promissory Note would be contained in that file.

16. Describe each and every transfer of the promissory note issued in connection with the Soutullo Loan since November 21, 2002. As to each transfer, provide the following:

   a. Date of transfer;
   b. State whether there was an endorsement of the note by the transferring entity or person;
   c. Identify each and every transferee and transferor;
   d. Identify all related documents.

**RESPONSE:** See Response to Interrogatory No. 10.

17. Describe each and every transfer of the Soutullo Mortgage since January 26, 2007. As to each transfer, provide the following:

   a. Date of transfer;
   b. State whether there was an endorsement of the note by the transferring entity or person;
   c. Identify each and every transferee and transferor;
   d. Identify all related documents.

**RESPONSE:** See Response to Interrogatory No. 10.

18. Provide a complete and itemized description of all funds deposited in any suspense account(s) or corporate advance account(s) in relation to the Soutullo Loan. Include in your response the balance in any such account or accounts and the nature, source and date of any and all funds deposited in such account or accounts.

**RESPONSE:** CitiMortgage objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of any party to this litigation.

19. A complete and itemized statement of the escrow account of the loan, if any, covering the entire life of the Soutullo Loan, including, but not limited to, any receipts or disbursements with respect to real estate property taxes, fire or hazard insurance, flood insurance, mortgage insurance, credit insurance, purchase mortgage insurance, or any other type of insurance product.

**RESPONSE:** CitiMortgage will produce documents responsive to this Request.

20. Provide a complete and itemized statement covering the entire life of the Soutullo Loan of the amounts charged for any forced-placed insurance, the date of the charge, the name of the insurance company, the relation of the insurance company to you or a related company, the amount of commission you received fro each force- placed insurance event, and an itemized statement of any other expenses related thereto.

**RESPONSE:** CitiMortgage will produce documents responsive to this Request.

## REQUESTS FOR PRODUCTION

1. Each and every document involving or relating in any way to Plaintiffs.

**RESPONSE:** CitiMortgage objects to this Request on the grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of any party to this litigation. CitiMortgage further objects to this Request on the grounds that it seeks documents protected from disclosure by the attorney-client privilege and/or the work product doctrine. Without waiving these objections, CitiMortgage will produce all non-privileged documents responsive to this Request.

2. Each and every document involving or relating in any way to the Soutullo Loan or the Property.

**RESPONSE:** CitiMortgage objects to this Request on the grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of any party to this litigation. CitiMortgage further objects to this Request on the grounds that it seeks documents protected from disclosure by the attorney-client privilege and/or the work product doctrine. Without waiving these objections, CitiMortgage will produce all non-privileged documents responsive to this Request.

3. Copies of all images and records related to the Soutullo Loan or the Property entered into or stored in any document imaging or data storage system, workflow or employee performance tracking system, and voice message storage system used by you or any third party that provided services for you or to which you outsourced any services. If these images are cataloged by any type of identification system, produce an exact copy of the images as they are cataloged or stored. If any image has information on the front and back of the image then the images should be produced in an identical manner as they are stored.

**RESPONSE:** CitiMortgage objects to this Request on the grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of any party to this litigation. CitiMortgage further objects to this Request on the grounds that it seeks documents protected from disclosure by the attorney-client privilege and/or the work product doctrine. Without waiving these objections, CitiMortgage will produce all non-privileged documents responsive to this Request.

4. Any and all agreements between you and any other entity concerning the sale, assignment or transfer of the Soutullo Loan.

**RESPONSE:** CitiMortgage will produce documents showing the merger of ABN and CitiMortgage, Inc.

5. All documents provided to you by any other Defendant relating to the Soutullo loan.

**RESPONSE:** CitiMortgage states that it is the only Defendant in this Adversary Proceeding, and thus, there are no documents responsive to this Request.

6. All documents relating to the assignment or transfer of the mortgage instrument and the promissory note relating to the Soutullo Loan.

**RESPONSE:** See Response to Request for Production No. 4.

7. Any XLS spreadsheet or other manually-prepared spreadsheet relating to the Soutullo Loan.

**RESPONSE:** CitiMortgage objects to this Request on the grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of any party to this litigation. CitiMortgage further objects to this Request on the grounds that it seeks documents protected

Case 09-01137    Doc 18-8    Filed 07/12/10    Entered 07/12/10 17:02:33    Desc Exhibit E    Page 9 of 15

from disclosure by the attorney-client privilege and/or the work product doctrine. Without waiving these objections, CitiMortgage will produce all non-privileged documents responsive to this Request.

8. All records of research that has been performed at any time relating to any payment or partial payment received for the Soutullo Loan.

**RESPONSE:** CitiMortgage objects to this Request on the ground that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of any party to this litigation.

9. All documents related to any payments identified in response to Interrogatories Nos. 5 and 6.

**RESPONSE:** CitiMortgage will produce documents responsive to this Request.

10. Print copies of all electronic mail about, concerning, or referring to the borrower or the Soutullo Loan or the Property, together with copies of all attachments to each e-mail message, labeled to clearly identify the e-mail message to which it was attached.

**RESPONSE:** CitiMortgage objects to this Request on the grounds that it seeks documents protected from disclosure by the attorney-client privilege and/or the work product doctrine. Without waiving these objections, CitiMortgage will produce any non-privileged documents responsive to this Request.

11. Any consolidated notes log as well as collection notes, servicing notes, correspondence and messages incoming and outgoing, and all other documents and other entries, relating to the Soutullo Loan in any files or data storage devices or services of any kind.

**RESPONSE:** CitiMortgage objects to this Request on the grounds that it seeks documents protected from disclosure by the attorney-client privilege and/or the work product doctrine. Without waiving these objections, CitiMortgage will produce any non-privileged documents responsive to this Request.

12. Documentation reflecting the manner (personal check, money order, cashier's check, bank check, Western Union, PayPal, ACH, other telephone or internet means, or otherwise) of each payment received relating to the Soutullo Loan, including any number or other information in your control that would further identify the payment.

**RESPONSE:** CitiMortgage will produce documents responsive to this Request, if any.

13. Provide a glossary, legend and/or detailed explanation in plain English sufficient to allow for a layman's full understanding of all the data reflected in each and every document provided in response to each of the Requests set forth above, including but not limited to all accounting and transaction codes, abbreviations, and acronyms displayed or used anywhere therein.

**RESPONSE:** CitiMortgage objects to this Request on the grounds that it is overly broad, unduly burdensome, and not related to the claims or defenses of any party to this litigation.

14. If you answer to Interrogatory No. 7 is in the affirmative, produce the following documents:

   A. Any agreement for the provisions of those services;
   B. Any and all documents of any kind or nature whatsoever between this defendant and LPS or its subsidiary which are available to this p arty including, but not limited to:

**RESPONSE:** CitiMortgage objects to this Request on the grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of any party to this litigation.

15. Provide all operational manuals, user guides, and onscreen help tools available to any outsource vendor or attorneys that allow them to access any of the account data regarding mortgage loans that you service in effect during the time you serviced the Soutullo Loan.

**RESPONSE:** CitiMortgage objects to this Request on the grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of any party to this litigation. CitiMortgage objects to this Request on the grounds that it seeks documents protected from disclosure by the attorney-client privilege and/or the work product doctrine. CitiMortgage further objects to this Request on the grounds that it seeks the disclosure of confidential, financial, or business or proprietary information.

16. Documents describing your business rules, software system rules, operational policies, and employee responsibilities relating to the posting of payments, analyzing and posting insufficient or partial payments, and analyzing and posting of payments received from mortgagors in effect during the time you serviced the Soutullo Loan.

**RESPONSE:** CitiMortgage objects to this Request on the grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of any party to this litigation. CitiMortgage further objects to this Request on the grounds that it seeks the disclosure of confidential, financial, or business or proprietary information.

    17. Provide documentation describing all of your business rules, software system rules, operational policies, and employee responsibilities relating to the movement funds and out of suspense accounts and the length of time funds may remain in suspense accounts.

**RESPONSE:** CitiMortgage objects to this Request on the grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of any party to this litigation. CitiMortgage further objects to this Request on the grounds that it seeks the disclosure of confidential, financial, or business or proprietary information.

    18. Copies of the Soutullo Note, all endorsements of and any allonge to the note, the Soutullo Mortgage, and all assignments of the mortgage, recorded or unrecorded.

**RESPONSE:** CitiMortgage will produce documents responsive to this Request.

**AS TO RESPONSES:**

**CITIMORTGAGE, INC.**

By: _____

STATE OF _____ )

COUNTY OF ___ )

I, _____, a Notary Public in and for said County in said State, hereby certify that _____, whose name as _____ of *CITIMORTGAGE, INC.*, a corporation, is signed to the foregoing *Defendant CitiMortgage, Inc.'s Responses to Plaintiff's Interrogatories and Request for Production of Documents*, and who is known to me, acknowledged before me on this day that, being informed of the contents of such instrument, he, as such officer and with full authority, executed the same voluntarily for and as the act of said corporation.

Given under my hand and seal, this _____ day of _____, 2010.

_____
NOTARY PUBLIC

[SEAL]

My Commission Expires:_____

AS TO OBJECTIONS:

_____
Marc P. Solomon
Reid S. Manley
Matthew T. Mitchell

Attorneys for Defendant
CITIMORTGAGE, INC.

**OF COUNSEL:**

**BURR & FORMAN LLP**
420 North 20th St.
Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

1808898 v1                                      13

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Defendant's First Set of Interrogatories and Requests for Production of Documents to Plaintiffs* has been served on the following by directing same to their office addresses through first-class, United States mail, postage prepaid, on this the 6th day of April, 2010:

Earl P. Underwood, Jr.
Law Offices of Earl P. Underwood, Jr.
21 South Section Street
Fairhope, Alabama 36532
Telephone: (251) 990-5558
Facsimile: (251) 990-0626
epunderwood@gmail.com

Kenneth J. Riemer
166 Government Street, Suite 100
Mobile, Alabama 36602
Telephone: (251) 432-9212
Facsimile: (251) 433-7172

*[signature]*
OF COUNSEL